UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.E., individually and on behalf of her infant child, L.E.,<br><br>Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK; HINAL PATEL, in her individual capacity; GERARDO DURAN, in his individual capacity; BIPASHA SAHA, in her individual capacity; and SHATONYA MIGGINS, in her individual capacity,<br><br>Defendants. | Case No. |

**PLAINTIFFS M.E.'S AND L.E.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PROCEED ANONYMOUSLY**

TABLE OF CONTENTS

PAGE NO.


TABLE OF AUTHORITIES ........................................................................................iii-iv

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................ 1

ARGUMENT ........................................................................................ 2

I. FEDERAL RULE OF CIVIL PROCEDURE 5.2(a)(3) REQUIRES PLAINTIFFS TO PROCEED ANONYMOUSLY ........................................................................................ 2

II. THE *SEALED PLAINTIFF* FACTORS ALSO SUPPORT PLAINTIFFS' REQUEST FOR ANONYMITY ........................................................................................ 3

A. Factor One: This Litigation Involves a Highly Sensitive, Personal Matter .................. 5

B. Factors Three and Four: L.E.'s Age Makes Him Particularly Vulnerable to Harm from Disclosure, Supporting Anonymity for Both L.E. and M.E. ................................ 6

C. Factor Five: The Suit Challenges Only Government Conduct .................................... 7

D. Factor Six: Defendants Will Not Be Prejudiced .......................................................... 8

E. Factor Seven: Plaintiffs' Identities Are Thus Far Confidential .................................... 9

F. Factor Eight: Any Public Interest in Disclosure Is Outweighed by M.E.'s and L.E.'s Privacy Interests ........................................................................................ 9

G. Factor Ten: No Alternative Mechanism for Preserving Plaintiffs' Privacy Exists..... 10

H. The Eight *Sealed Plaintiff* Factors that Strongly Support Plaintiffs' Motion Outweigh the Remaining Two ........................................................................ 10

CONCLUSION ........................................................................................ 11

TABLE OF AUTHORITIES

PAGE NO.

**Cases**

*Be v. Comcast Corp.*,
No. 20 Civ. 8571, 2021 WL 694556 (S.D.N.Y. Feb. 23, 2021) ............ 2, 9

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. 2006) ............ 7, 9

*Doe on behalf of Doe No. 1 v. Nygard*,
No. 20 Civ. 6501, 2020 WL 4890427 (S.D.N.Y. Aug. 20, 2020) ............ 9

*Doe v. Cruz*,
No. 24 Civ. 989, 2024 WL 1465928 (S.D.N.Y. Apr. 4, 2024) ............ 8, 9

*Doe v. Salina*,
No. 23 Civ. 3529, 2024 WL 1259362 (E.D.N.Y. March 25, 2024) ............ passim

*Doe v. Skyline Autos. Inc.*,
375 F. Supp. 3d 401 (S.D.N.Y. 2019) ............ 4

*EW v. N.Y. Blood Ctr.*,
213 F.R.D. 108 (E.D.N.Y. 2003) ............ 7, 8

*L.B. v. City of New York et al.*,
No. 23 Civ. 8501, Mar. 15, 2024 Text Order (E.D.N.Y.) ............ 5, 6, 7

*Michael v. Bloomberg L.P.*,
No. 14 Civ. 2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) ............ 5

*Moore v. City of E. Cleveland, Ohio*,
431 U.S. 494 (1977) ............ 4

*P.M. v. Evans-Brant Cent. Sch. Dist.*,
No. 08 Civ. 168A, 2008 WL 4379490 (W.D.N.Y. Sept. 22, 2008) ............ 1, 6, 10

*Plaintiffs #1-21 v. County of Suffolk*,
138 F. Supp. 3d 264 (E.D.N.Y. 2015) ............ 8

*R.F.M. v. Nielsen*,
365 F. Supp. 3d 350 (S.D.N.Y. 2019) ............ 4

*R.M. v. City of New York*,
No. 24 Civ. 3001, 2024 WL 4149870 (S.D.N.Y. Sept. 11, 2024) ............ 5, 6

*Rapp v. Fowler*,
537 F. Supp. 3d 521 (S.D.N.Y. 2021) ............ 10

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
253 F.3d 678 (11th Cir. 2001) ............ 2

*S.F. v. Archer Daniels Midland Co.*,
594 F. App'x 11 (2d Cir. 2014) ............ 1

*Sealed Plaintiff v. Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008) .......................................................... passim

*Smith v. Edwards*,
175 F.3d 99 (2d Cir. 1999) .......................................................... 2

*Smith v. Org. of Foster Fams. For Equal and Reform*,
431 U.S. 816 (1977).......................................................... 4

*Trooper 1 v. N.Y. State Police*,
No. 22 Civ. 893, 2022 WL 22869548 (E.D.N.Y. June 9, 2022) .......................................... 11

*Troxel v. Granville*,
530 U.S. 57 (2000).......................................................... 4

**Rules**

Federal Rule of Civil Procedure 10 .......................................................... 2
Federal Rule of Civil Procedure 5.2 .......................................................... 1, 2

## PRELIMINARY STATEMENT

Plaintiff M.E., on behalf of herself and her minor son L.E., moves to proceed anonymously because she challenges the New York City Administration for Children's Services ("ACS") forcible removal of L.E. from her care as part of a child maltreatment investigation when L.E. was just three days old. Courts in this Circuit grant motions to proceed anonymously by parents and children in cases like this one that challenge ACS's conduct during child maltreatment investigations because such investigations implicate highly sensitive matters of a personal nature. The Court should grant Plaintiffs' motion here because (1) Federal Rule of Civil Procedure 5.2(a)(3) requires that minor children like L.E. be identified only by their initials on the public docket, a protection that would be rendered meaningless if his mother M.E.'s identity was known to the public; and (2) the ten factors courts in this Circuit consider to evaluate motions to proceed anonymously weigh firmly in favor of M.E.'s and L.E.'s application to proceed anonymously.

This case about a highly sensitive child removal and child maltreatment investigation implicates the privacy of a minor child and challenges governmental conduct. Plaintiffs' anonymity will not prejudice Defendants because Plaintiffs are ready and willing to disclose their identities to the Court, and to Defendants pursuant to an appropriate protective order. There is also no alternative mechanism besides anonymity to protect M.E.'s and L.E.'s confidentiality with respect to the sensitive subject matter of this case. The Court should grant Plaintiffs' motion to proceed anonymously in this paradigmatic case meriting anonymous treatment of Plaintiffs.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiffs will not repeat the facts set forth in their Complaint. Rather, they provide the following facts relevant to this application and respectfully direct the Court to their accompanying Complaint for a full recitation of the facts.

M.E. brings this case on behalf of herself and her son L.E., who is now twenty-one months old, challenging the removal of L.E. from her custody by Defendants, the City of New York and several individual ACS caseworkers, when L.E. was just three days old. *See generally* Compl., Dkt. 1. M.E. alleges that Defendants removed L.E. from her care without a court order, without her consent, and without probable cause to believe L.E. was in imminent danger in her care, violating both her and L.E.'s Fourteenth Amendment procedural due process rights and L.E.'s Fourth Amendment right against unlawful seizure. *See id.* ¶¶ 108-33. L.E. was returned to M.E.'s care one week after ACS's removal when a Family Court Judge ordered that ACS return L.E. to M.E. *Id.* ¶¶ 88-89. The Family Court ultimately dismissed the neglect case against M.E., and L.E. has remained safely in M.E.'s care ever since. *Id.* ¶¶ 90-91.

The Complaint includes allegations about ACS's investigation of M.E. and the family court proceedings that followed; M.E.'s past history of drug use before L.E. was born; M.E.'s pregnancy; and M.E.'s and L.E.'s medical condition at the hospital in the days after M.E. gave birth. *See id.* ¶¶ 40-91. M.E. has never spoken publicly on any social media or press platforms about Defendants' removal of L.E. from M.E.'s care, the ACS investigation, or ACS's treatment of them. M.E. Decl. ¶ 12.[1]

## ARGUMENT

### I. FEDERAL RULE OF CIVIL PROCEDURE 5.2(A)(3) REQUIRES PLAINTIFFS TO PROCEED ANONYMOUSLY

Federal Rule of Civil Procedure 5.2(a)(3) prohibits sharing the identity or other personally identifying information of a minor child on the public docket in federal court: "Unless the court orders otherwise, in an electronic or paper filing with the court . . . , the name of an individual known to be a minor . . . may only include . . . the minor's initials."

[1] "M.E. Decl." refers to the Declaration of M.E. filed in support of this motion.

L.E. is currently twenty-one months old. Under Rule 5.2(a)(3), only his initials can be filed on the public docket. Thus, L.E. must proceed by his initials. Courts have held that protecting the confidentiality of a minor's identity under Rule 5.2(a)(3) also requires using initials for his or her parents because exposing the parents' identity to the public will de facto expose the child's. "[O]nly a minor's initials should be used in publicly filed documents, and this rule extends to the child's parents." *S.F. v. Archer Daniels Midland Co.*, 594 F. App'x 11, 12 n.1 (2d Cir. 2014); *see, e.g.*, *Doe v. Salina*, No. 23 Civ. 3529, 2024 WL 1259362, at *5 (E.D.N.Y. March 25, 2024) ("[T]he protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." (quoting *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08 Civ. 168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008))); *Be v. Comcast Corp.*, No. 20 Civ. 8571, 2021 WL 694556, at *1 (S.D.N.Y. Feb. 23, 2021) (allowing a parent to proceed under pseudonym to protect child's confidentiality); *see also Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) ("For the sake of the privacy of plaintiff's child, pseudonyms for plaintiff *and his family* are employed throughout this opinion." (emphasis added)).

The Federal Rules of Civil Procedure require L.E. to proceed by his initials only, a protection that would be "eviscerated" unless his mother M.E. is permitted to do the same. *Doe*, 2024 WL 1259362, at *5 (citation and quotation marks omitted). The Court should grant M.E.'s and L.E.'s motion to proceed anonymously under Federal Rule of Civil Procedure 5.2(a)(3).

## II. THE *SEALED PLAINTIFF* FACTORS ALSO SUPPORT PLAINTIFFS' REQUEST FOR ANONYMITY

The ten factors the Second Circuit has established to consider motions to proceed anonymously also weigh firmly in favor of M.E.'s and L.E.'s motion here.

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires a complaint to "name all the parties," courts have "nevertheless 'carved out a limited number of

exceptions to the general requirement of disclosure.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). In determining whether to grant a plaintiff such relief, this Court must "balance [the] plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants . . . ." *Id.* at 186. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190. The Second Circuit has "note[d] with approval" a list of ten non-exhaustive factors that should be considered in determining whether to permit a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (internal quotation marks, citations, brackets, and ellipses removed).

The *Sealed Plaintiff* factors overwhelmingly support M.E.'s and L.E.'s motion to proceed anonymously. Courts in this Circuit have granted motions to proceed anonymously in cases like this one pertaining to child maltreatment investigations because (i) they involve highly sensitive and personal matters; (ii) revealing the identity of the parent plaintiff threatens the privacy of the

minor child; (iii) Plaintiffs challenge purely governmental conduct; (iv) Defendants will not be prejudiced in the litigation because Plaintiffs will disclose their identities to Defendants pursuant to an appropriate protective order; and (v) there is no alternative mechanism to protect plaintiffs' confidentiality. In total, eight of the ten *Sealed Plaintiff* factors (factors one, three through eight, and ten) support anonymity. The remaining two factors (two and nine) do not outweigh Plaintiffs' strong privacy interests and the absence of prejudice to Defendants that support granting Plaintiffs' motion here.

### A. Factor One: This Litigation Involves a Highly Sensitive, Personal Matter

Factor one weighs heavily in favor of anonymity because the existence of a child maltreatment investigation involving a parent and child is a matter of the utmost personal and private sensitivity. Courts have long recognized the "private realm of family life," *Moore v. City of E. Cleveland, Ohio*, 431 U.S. 494, 499 (1977) (collecting cases), especially as it relates to the care of children, *see Troxel v. Granville*, 530 U.S. 57, 66-67 (2000) (collecting cases); *see also Smith v. Org. of Foster Fams. For Equal and Reform*, 431 U.S. 816, 833 (1977) ("Foster care of children is a sensitive and emotion-laden subject."). More specifically, "facts supporting [] findings of abuse, neglect, and abandonment are highly sensitive." *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019); *see Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) ("Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature." (citation omitted)).

Applying these principles, courts in this Circuit have granted motions for parents and children to proceed anonymously in cases, like this one, challenging the constitutionality of conduct by ACS during child maltreatment investigations, because such investigations "involve[] matters that are highly sensitive and of a personal nature." *L.B. v. City of New York et al.*, No. 23

Civ. 8501, Mar. 15, 2024 Text Order (E.D.N.Y.) (citation and quotation marks omitted) (quoting *Sealed Plaintiff*, 537 F.3d at 190); *accord R.M. v. City of New York*, No. 24 Civ. 3001, 2024 WL 4149870, at *1, *3 (S.D.N.Y. Sept. 11, 2024) (granting motion to proceed anonymously by parent challenging constitutionality of conduct by ACS caseworkers). Anonymity is particularly appropriate here because the Complaint includes allegations about M.E.'s pregnancy and L.E.'s birth, additional private and sensitive matters that courts have found support motions to proceed anonymously. *See* Compl. ¶¶ 29, 40-45; *Michael v. Bloomberg L.P.*, No. 14 Civ. 2657, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (explaining that "courts have justified anonymous plaintiffs proceeding pseudonymously" on "claims involving sexual orientation, pregnancy, or minor children").

Accordingly, the first factor weighs strongly in favor of anonymity.

### B. Factors Three and Four: L.E.'s Age Makes Him Particularly Vulnerable to Harm from Disclosure, Supporting Anonymity for Both L.E. and M.E.

The harms associated with disclosure strongly support anonymity for both M.E. and L.E. because L.E. is just twenty-one months old. "Age is a critical factor in determining whether a party is especially vulnerable to the harms of disclosure and consequently courts have been readier to protect the privacy interest of minors in legal proceedings than those of adults." *Doe*, 2024 WL 1259362, at *5; *see Sealed Plaintiff*, 537 F.3d at 190 (considering "whether identification presents other harms and the likely severity of those harms" (factor three), and "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age" (factor four)). The potential harm to L.E. from public disclosure of the fact that he was forcibly separated from his mother when he was just three days old is significant and can only be prevented by permitting both M.E. and L.E. to proceed anonymously. *See* M.E. Decl. ¶¶ 5-6.

Courts consistently hold that the risk of revealing a minor plaintiff's identity is a decisive reason to grant both a parent's and child's motion to proceed anonymously in a case involving sensitive matters because "the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." *Doe*, 2024 WL 1259362, at *5 (quoting *P.M.*, 2008 WL 4379490 at *3); *see, e.g.*, *R.M.*, 2024 WL 4149870, at *1, *3 (granting anonymity for parent plaintiff in case challenging ACS conduct, "principally because the case involves Plaintiff's minor children"); *L.B.*, No. 23 Civ. 8501, Mar. 15, 2024 Text Order (finding that because "the minor child is particularly vulnerable to the possible harms of disclosure," motion of both parent and child to proceed anonymously should be granted (citation and quotation marks omitted)).

L.E.'s age—less than two years old—"weighs strongly in favor of anonymity" for both M.E. and L.E. because of the "personal nature of the claims at issue." *Doe*, 2024 WL 1259362, at *7.

### C. Factor Five: The Suit Challenges Only Government Conduct

The fifth factor favors granting this motion because this case solely challenges governmental conduct: Defendant ACS caseworkers' wrongful emergency removal of newborn L.E. from his mother M.E.'s care, and Defendant City of New York's unlawful policy of conducting emergency removals in the absence of a court order, consent, or emergency circumstances.

"[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *accord Doe*, 2024 WL 1259362, at *6 (echoing a plaintiff's "particularly strong" interest in proceeding anonymously "where a plaintiff sues a governmental entity"); *L.B.*, No. 23 Civ. 8501, Mar. 15, 2024 Text Order (finding that this

factor favors proceeding anonymously in case against City of New York and individual ACS caseworkers). That is because "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*; *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[W]hether the defendants are governmental entities is significant because a challenge to governmental policy ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual."). In addition, "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [the plaintiff's] rights." *EW*, 213 F.R.D. at 111.

In this case, Plaintiffs challenge ACS's wrongful emergency removal of L.E. from M.E.'s custody—purely governmental conduct. The fifth factor further supports anonymity.

**D. Factor Six: Defendants Will Not Be Prejudiced**

Because M.E. is willing to disclose her and L.E.'s identities to Defendants pursuant to an appropriate protective order, Defendants are not prejudiced by M.E. and L.E. proceeding under a pseudonym, "and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed." *Doe v. Cruz*, No. 24 Civ. 989, 2024 WL 1465928, at *2 (S.D.N.Y. Apr. 4, 2024).

M.E. and L.E. do not seek to proceed anonymously in front of Defendants and this Court. M.E. is ready and willing to provide both her and L.E.'s name, their personal information, and third-party witnesses who may have information regarding their case, pursuant to an appropriate protective order limiting disclosure of her identity to only parties to this litigation and their counsel, and she is prepared to participate in discovery. Where defendants can access plaintiffs' identities for purposes of discovery, they cannot credibly claim any prejudice. *Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 277-78 (E.D.N.Y. 2015). Courts have thus repeatedly

approved the use of pseudonyms where plaintiffs agree to (confidentially) provide their names to Defendants for discovery purposes. *See, e.g.*, *Cruz*, 2024 WL 1465928, at *2; *Doe*, 2024 WL 1259362, at *6; *Doe on behalf of Doe No. 1 v. Nygard*, No. 20 Civ. 6501, 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020); *Kolko*, 242 F.R.D. at 198.

That is the case here. M.E. is concerned about her name and her son's name becoming known *to the public*; she has no problem identifying herself to the Court or Defendants for purposes of this litigation. *See* M.E. Decl. ¶ 11. The only burden on Defendants is "the need to make redactions and take measures not to disclose [M.E. and L.E.'s] identity"—a minimal imposition. *Kolko*, 242 F.R.D. at 198. This factor supports permitting Ms. Doe to use a pseudonym.

### E. Factor Seven: Plaintiffs' Identities Are Thus Far Confidential

Factor seven favors M.E. and L.E. proceeding anonymously because their identities are not already known to the public. M.E. has not initiated the lawsuit in her name or L.E.'s name, nor has she made any statements in the media about ACS's wrongful emergency removal of her son from her care. M.E. Decl. ¶ 12. *See, e.g.*, *Be*, 2021 WL 694556, at *1 ("Plaintiff's identity has been kept confidential so far, so the seventh factor also weighs in her favor.").

### F. Factor Eight: Any Public Interest in Disclosure Is Outweighed by M.E.'s and L.E.'s Privacy Interests

The public interest will not be harmed if M.E. and L.E. proceed in this action by their initials. Courts have made clear that a plaintiff's identity is not necessary "for the public to assess the appropriateness [the Government's] response" to a set of facts of confronting it; to the contrary, in a case involving sensitive personal information like this one, the public interest does not favor disclosure of "social, medical, and psychological information about a minor child." *P.M.*, 2008 WL 4379490, at *3; *see Doe*, 2024 WL 1259362, at *7 (same).

Here, the public can assess the appropriateness of ACS's conduct with respect to M.E. and L.E. without knowing their identities, and the revelation of Plaintiffs' sensitive information related to the child maltreatment investigation implicates powerful privacy interests that the public shares an interest in protecting. Factor eight favors anonymity.

### G. Factor Ten: No Alternative Mechanism for Preserving Plaintiffs' Privacy Exists.

By proceeding by their initials, M.E. and L.E. have chosen the least restrictive means possible to preserve their privacy.

This factor may weigh against anonymity where "less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order" may suffice to protect the plaintiff's confidentiality. *Rapp v. Fowler*, 537 F. Supp. 3d 521, 533 (S.D.N.Y. 2021). That does not work here, however, because any public filing of L.E.'s and M.E.'s identities will reveal (i) the existence of the private and highly sensitive child maltreatment investigation, and (ii) will necessarily reveal L.E.'s identity, a minor whose privacy interests are significant and protected by the Federal Rules of Civil Procedure. *See supra* §§ I, II.A-B; *see also Doe*, 2024 WL 1259362, at *7 (tenth factor favors anonymity where "directing [the parents] to disclose their identities would necessarily identify the [] children, and no alternatives exist to protect the minors' confidentiality"). The tenth factor supports Plaintiffs' motion.

### H. The Eight *Sealed Plaintiff* Factors that Strongly Support Plaintiffs' Motion Outweigh the Remaining Two

Factors one, three through eight, and ten all support Plaintiffs' motion to proceed anonymously. The remaining two factors cannot change the result. Although this case concerns factual issues rather than just purely legal ones (factor nine), and M.E. does not identify a

specific risk of retaliation from disclosure (factor two), these two factors do not outweigh the other eight that firmly support Plaintiffs' motion to proceed anonymously.

Courts consistently grant motions for plaintiffs to proceed anonymously, even though some of the *Sealed Plaintiff* factors do not support anonymity, where "there is little to no cognizable prejudice to Defendants" and there is "a likelihood of harm to Plaintiff if she is required to reveal [her] identity." *Trooper 1 v. N.Y. State Police*, No. 22 Civ. 893, 2022 WL 22869548, at *3-5 (E.D.N.Y. June 9, 2022) (granting motion to proceed anonymously where factors two and nine weighed against anonymity but balance of remaining factors supported it); *see, e.g.*, *Doe*, 2024 WL 1259362, at *4-7 (granting motion to proceed anonymously where factor two was neutral and factors three and nine did not support anonymity because "the age of the minor Plaintiffs here weighs strongly in favor of anonymity" for both the minors and their parents).

The same is true here. Plaintiffs will disclose their identities to Defendants pursuant to an appropriate protective order, ensuring that Defendants will not be prejudiced by Plaintiffs proceeding anonymously. This case also implicates the powerful privacy interests of a mother and her twenty-one-month-old son about the existence of a child maltreatment investigation in which L.E. was forcibly taken from M.E.'s care when he was just three days old.

In short, the *Sealed Plaintiff* factors, including those that courts have found dispositive to grant motions to proceed anonymously, overwhelmingly support anonymity here.

**CONCLUSION**

For the reasons stated above, the Court should grant Plaintiffs M.E.'s and L.E.'s motion to proceed anonymously.

Dated: New York, New York
May 15, 2026

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: /s *Max Selver*
Max Selver
Katherine Rosenfeld
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

krosenfeld@ecbawm.com

*Attorneys for Plaintiffs M.E. and L.E.*